SHERYL W. LEICHENGER (SBN 161688)
sleichenger@selmanlaw.com
JAMES F. HENSHALL (SBN 132324)
jhenshall@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6538
Telephone: 310.445.0800
Facsimile: 310.473.2525

Attorneys for Defendants,
SCOTTSDALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY, a Virginia Corporation, and PELEUS INSURANCE COMPANY, formally known as COLONY NATIONAL INSURANCE COMPANY, a Virginia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation,<br><br>Defendants. | Case No. 2:16-cv-01258 CAS(Ex)<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Judge:   Hon. Christina A. Snyder<br><br>Filing Date : February 24, 2016<br>Trial Date  : December 12, 2107 |

**IT IS HEREBY STIPULATED** by and among Plaintiffs and Counter-Defendants Colony Insurance Company and Peleus Insurance Company (hereinafter referenced as the "Colony Parties"), on the one hand, and Defendant and Counter-Claimant Scottsdale Insurance Company (hereinafter referenced as "Scottsdale"), on the other hand, (and which parties are collectively referenced herein as the "Parties"), by and through their respective counsels of record, that in order to facilitate the exchange of information and documents which may be

{00127307.DOCX 1} 1
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-entitled proceeding Case No. 2:16-cv-01258 CAS (Ex).

   b. "Court" means the Hon. Christina A. Snyder, or any other judge to whom the Proceeding may be assigned, including Court staff participating in such proceedings.

   c. "Confidential" means any information which is in the possession of a Designating Party which discusses, mentions or concerns attorney's fees, expert fees, or costs charged in the case entitled *Wilshire Vermont Housing Partners, L.P., et. al. v. Taisei Construction Corporation, et. al.*, Los Angeles County Superior Court Case No. 504178 for the defense of SCS Flooring Systems who believes in good faith that such information is entitled to confidential treatment under applicable law.

   d. "Confidential Materials" means any Documents, Testimony, Information or Discovery Response, as defined below, which discuss, mention or concern attorney's fees, expert fees, or costs charged in the case entitled *Wilshire Vermont Housing Partners, L.P., et. al. v. Taisei Construction Corporation, et. al.*, Los Angeles County Superior Court Case No. 504178 for the defense of SCS Flooring Systems designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

   e. "Designating Party" means the Party that designates materials as "Confidential."

   f. "Disclose" or "Disclosed" or "Disclosure" means to produce, reveal, divulge, give, or make available materials, or any part thereof, or any

information contained therein.

g. "Discovery Request" means any formal request for information in the Proceeding. "Discovery Request" includes: (a) any formal document request; (b) any formal interrogatory; (c) any formal request for admission and (d) any subpoena or subpoena *duces tecum*.

h. "Discovery Response" means all information produced in response to any Discovery Request made in the Proceeding. "Discovery Response" includes answers or responses provided or objections asserted in response to any Discovery Request.

i. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001(1) and California Evidence Code Sections 250, 255 and 260, which have been produced in discovery in the Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

j. "Information" means the content of Documents, Testimony or Discovery Responses.

k. "Testimony" means all depositions, declarations or other testimony taken or used in the Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, Information or Discovery Responses which discuss, mention or concern attorney's fees, expert fees, or costs charged in the case entitled *Wilshire Vermont Housing Partners, L.P., et. al. v. Taisei Construction Corporation, et. al.*, Los Angeles County Superior Court Case No. 504178 for the defense of SCS Flooring Systems that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

///

{00127307.DOCX 1} 3
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

3. All Confidential Materials shall not be Disclosed to any person or entity except in accordance with the terms, conditions and instructions of this Stipulation and Protective Order.

4. The entry of this Stipulation and Protective Order, and inter alia, the production of Documents pursuant hereto, does not prejudice, alter, waive, modify or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion. In addition, the production of Documents does not waive any privilege that applies to such documents.

5. Scottsdale contends that certain Documents, Testimony, Information or Discovery Responses concerning attorney's fees, expert fees, and costs charged in regard to the case entitled *Wilshire Vermont Housing Partners, L.P., et. al. v. Taisei Construction Corporation, et. al.*, Los Angeles County Superior Court Case No. 504178 are privileged, attorney work-product and/or Confidential Materials. Accordingly, disclosure of Documents, Testimony, Information or Discovery among the Parties or to others, including the Court, pursuant to this protective order shall not alter, waive, modify or abridge (i) the confidentiality of the Document, Testimony, Information or Discovery Response Disclosed or (ii) any right, privilege, or protection otherwise applicable to the Document, Testimony, Information or Document Response Disclosed, vis-à-vis third parties.

6. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated

{00127307.DOCX 1}4
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

information.

a. For Documents or Discovery Responses (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document or Discovery Response containing such designated Confidential Material.

b. For Testimony given in depositions, the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

d. For Information, Documents or Testimony produced in the form of access to a database or some other medium in which it is not feasible to

affix the "Confidential" legend, the Parties agree that such Information, Documents or Testimony except publicly filed pleadings, shall be deemed "Confidential" and that providing such access does not constitute a waiver of any privilege or protection afforded such Information, Documents or Testimony.

7. Any Documents, Testimony, Information, or Discovery Responses which discuss, mention or concern attorney's fees, expert fees, or costs charged in the case entitled *Wilshire Vermont Housing Partners, L.P., et. al. v. Taisei Construction Corporation, et. al.*, Los Angeles County Superior Court Case No. 504178 for the defense of SCS Flooring Systems that may be Disclosed by a non-Party in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

8. In the case of Documents, Testimony, Information or Discovery Responses Disclosed by a non-Party, the designation also may be made by a Party requesting that the non-Party's Documents, Testimony, Information or Discovery Responses be stamped or identified in some other fashion, such as "CONFIDENTIAL [NAME OF PERSON'S] DESIGNATION," in accordance with paragraph 7 hereof.

9. Any Document, Testimony, Information or Discovery Response produced by a non-Party will be treated as confidential by all Parties for a period of twenty-one (21) days following the production of said Document, Testimony,

Information or Discovery Response. Thereafter, such Document, Testimony, Information or Discovery Response shall not be considered confidential unless so designated by the non-Party or by a Party.

10. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony, Information or Discovery Response during discovery in the Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party or non-Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, Information or Discovery Response that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party or non-Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty-one (21) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, Information or Discovery Response designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, Information or Discovery Response shall promptly segregate and maintain as "Confidential" pending further proceedings set forth in Paragraph 11 below the inadvertently produced Document, Testimony, Information or Discovery Response and all copies thereof. This provision is not intended to apply to any inadvertent production of any Document, Testimony, Information or Discovery Response protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

11. In the event that counsel for a Party receiving Documents, Testimony, Information or Discovery Responses in discovery designated as "Confidential"

objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Document, Testimony, Information or Discovery Response to which each objection pertains, and the specific reason and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate the Document, Testimony, Information or Discovery Response pursuant to any or all of the Designation Objections; and/or (b) file a motion with the Court seeking to uphold any or all designations on the Document, Testimony, Information or Discovery Response addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Document, Testimony, Information or Discovery Response at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Document, Testimony, Information or Discovery Response shall be de-designated in accordance with the Designation Objection applicable to such material.

12. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons:

    a. the Court;

    b. any mediator, special master, arbitrator or other person conducting another alternative dispute resolution process in this Proceeding;

    c. (i) attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party and (ii)

the Parties' in-house counsel, and such other persons regularly employed by the Parties, who are involved in or consulted with respect to the prosecution or defense of this Proceeding or handling the underlying claims, including claims representatives of any Party; *provided, however*, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

   d. insurers, reinsurers, retrocessionaires, accountants, regulators, auditors, and any other person to whom the Parties have a contractual, regulatory or statutory obligation to report; *provided, however*, that each such person given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

   e. any deposition, trial or hearing witness in the Proceeding *provided, however*, that each such person given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

   f. outside experts or consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; *provided, however*, that prior to the Disclosure of Confidential Materials to any such expert or consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this

Stipulation and Protective Order by any such expert or consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

  g. mock jury participants, *provided, however*, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**;

  h. court reporters in the Proceeding (whether at depositions, hearings or any other proceedings) and other persons involved in recording depositions, hearings or any other proceedings;

  i. employees of imaging, copying or microfilming services utilized with respect to the Proceeding;

  j. employees of litigation support vendors utilized with respect to the Proceeding;

  k. any governmental or regulatory body as required by law; and

  l. any other person that the Designating Party agrees to in writing.

13. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding — including any mediation, arbitration or other alternative dispute resolution process connected with the Proceeding — and not for any business or other purpose whatsoever. Nothing in this Stipulation and Protective Order, however, restricts the use that a Party may make of any Documents or Information Disclosed by it. Nor does this Stipulation and Protective Order preclude the use of any Documents or Information possessed or obtained by any Party outside of this Proceeding merely because the Document or Information has been Disclosed in the Proceeding and has been marked

{00127307.DOCX 1} 10
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

"Confidential."

14. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

15. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a. operate as an admission by any person that any particular Document, Testimony, Information or Discovery Response marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Information or Discovery Response.

16. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

///

17. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process or request ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony Information or Discovery Responses pursuant to the Subpoena prior to the date specified for production on the Subpoena.

18. Nothing in this Stipulation and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

19. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party and, without prejudice to any other rights and remedies of the Parties, make every effort to prevent further disclosure by it or the recipient of the Confidential Materials.

{00127307.DOCX 1} 12
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

20. If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise Disclosed to the Court in connection with any motions, discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

21. The Parties shall attempt to agree upon procedures to protect at any hearing the confidentiality of Documents, Testimony, Information or Discovery Responses filed under seal, as well as for use of Confidential Materials at trial, and shall move the Court for entry of an appropriate order, if necessary.

22. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

23. This Stipulation and Protective Order shall continue to be binding after the conclusion of the Proceeding and all subsequent proceedings arising from the Proceeding, including any appeal or retrial, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

24. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this

{00127307.DOCX 1} 13
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

1  Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the one copy of each exhibit marked at the deposition; and to the extent a Party needs to retain Confidential Material for legitimate business reasons, it may do so but such Confidential Material shall remain subject to this Order); (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials; or (c) as to any Documents, Testimony, Information or Discovery Response not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

25. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. The Parties, counsel and all signatories to the Certification attached hereto as **Exhibit A** agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties and counsel agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

26. This Stipulation and Protective Order may be executed in counterparts.

///
///
///

{00127307.DOCX 1} 14
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

Dated: October 4, 2016                CHARLSTON, REVICH & WOLLITZ LLP


By: /s/ Bruce T. Smyth
    Bruce T. Smyth
    Attorneys for Plaintiffs and Counter-
    Defendants, Colony Insurance Company and
    Peleus Insurance Company


Dated: October 4, 2016                SELMAN BREITMAN LLP


By: /s/
    Sheryl W. Leichenger
    James F. Henshall
    Attorneys for Defendant and Counter-Claimant,
    Scottsdale Insurance Company


**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: 10/5/16

/s/
HON. ~~CHRISTINA A. SNYDER,~~
~~JUDGE OF THE UNITED STATES~~
~~DISTRICT COURT FOR THE~~
~~SOUTHERN DISTRICT OF CALIFORNIA~~
Charles F. Eick
United States Magistrate Judge

{00127307.DOCX 1} 15
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, Case No. 2:16-cv-01258 CAS (Ex). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in the Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of the Proceeding, any Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in the Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

///
///
///
///

1  I declare under penalty of perjury, under the laws of the State of California,
2  that the foregoing is true and correct.
3  Executed this _____ day of _____, 20__, at _____.
4
5
6  Dated: _____          By: _____
7                                          Signature
8                                      Title _____
9                                      Address _____
10                                     City, State, Zip _____
11                                     Telephone Number _____
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{00127307.DOCX 1} 17
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:16-cv-01258 CAS(Ex)

Selman Breitman LLP
ATTORNEYS AT LAW

112869.1 380.39784